IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

AYSHIA S. REESE,                     *

    Plaintiff,                    *

vs.                                  *        CASE NO. 4:25-cv-228-CDL

SURGE STAFFING, *et al.*,            *

    Defendants.                   *

_____

O R D E R

    Plaintiff Ayshia Reese, who is proceeding *pro se*, alleges that Defendant Spherion Staffing discriminated against her based on her gender by declining to hire her.  Defendant Spherion Staffing seeks judgment on the pleadings, arguing that Reese did not fully exhaust her administrative remedies before bringing this action and that any Georgia state law claims against Spherion are not legally cognizable.  For the following reasons, the Court grants Defendant Spherion's Motion for Judgment on the Pleadings (ECF No. 6).[1]

JUDGMENT ON THE PLEADINGS STANDARD

    "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."  *Perez v. Wells Fargo N.A.*, 774 F.3d

_____

[1] The record establishes that Spherion Staffing's correct legal name is Spherion Staffing, LLC. Therefore, any reference to Spherion in this order includes Spherion Staffing, LLC.

1329, 1335 (11th Cir. 2014) (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)).  In evaluating a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Id.*  "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.*  But if it is clear from the pleadings that the non-moving party "would not be entitled to relief" on a claim based on that party's factual allegations, then that claim should be dismissed. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

## FACTUAL ALLEGATIONS

Reese alleges the following facts in her complaint.  Reese applied for a temporary labor position with Spherion Staffing. Spherion did not hire Reese, and Reese alleges that Spherion wasted her "time and travel expenses without offering real employment opportunities." Compl. § 3, ECF No. 1-1.  Reese summarily alleges that Spherion and other Defendants discriminated against her because of her gender.  *Id.* § 4.  In her complaint, Reese did not allege that she filed a charge of discrimination with the Equal Employment Opportunity Commission concerning Spherion's alleged unlawful employment practices.  She also makes no allegations of race-based discrimination.

Reese filed this action in Muscogee County Superior Court against Spherion and four other defendants, asserting a violation of her rights under Georgia law and "potentially federal anti-discrimination laws." *Id.* Reese alleges that all Defendants violated her rights by discriminating against her based on gender, wrongfully terminating or denying her work, retaliating against her for reporting safety or harassment concerns, and engaging in unfair labor practices that resulted in extreme hardship for Reese. *Id.* After receiving notice of Reese's action, Spherion removed this action to federal court.

DISCUSSION

Defendant Spherion seeks judgment on the pleadings, arguing that Reese failed to exhaust her administrative remedies and that Georgia law does not recognize a claim for discrimination by a private employer. Reese failed to respond to the motion. Notwithstanding Reese's failure to prosecute her claims, the Court declines to grant Spherion's motion by default. The Court reviews the grounds asserted by Spherion in support of its motion for judgment on the pleadings.

**I.    Exhaustion**

Reese alleges that Defendants discriminated against her based on her gender. The Court thus construes her claim against Spherion as a claim under Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination based on sex. 42 U.S.C.

§ 2000e-2(a).  A plaintiff must exhaust administrative remedies by filing an EEOC Charge of Discrimination before initiating a Title VII action.  *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam).  A Title VII plaintiff must file an EEOC Charge of Discrimination within 180 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1).  Failure to file the Charge within that period bars subsequent claims in federal court.  *Watson v. Blue Circle, Inc.*, 324 F.3d 1252, 1258 (11th Cir. 2003) (describing Title VII's statute of limitations).

Although Reese alleges that she filed a complaint with the EEOC, her EEOC complaint was "specifically for [Defendant] Staff Zone."  Compl. § 3, ¶ 7.  Reese did not allege that she filed an EEOC charge against Spherion.  Furthermore, she does not allege when such EEOC charge was filed.  Accordingly, the Court finds that Reese failed to exhaust administrative remedies as to Spherion, and any federal law claim Reese asserts against Spherion under Title VII is dismissed.

## II.  **State Law Claims Against Spherion**

Reese also asserts state law claims against Spherion.  Reese essentially attempts to allege a "state law claim" for employment discrimination, arguing that Spherion rejected Reese for a position and wasted her time when she sought employment with Spherion.  Compl. § 3.  Although Georgia's Fair Employment

4

Practices Act provides a remedy for employment discrimination against *public* employers under certain circumstances, Georgia law does not create a cause of action for employment discrimination by *private* employers. *See* O.C.G.A. § 45-19-22(6) (stating that "employer" for purposes of the Georgia Fair Employment Practices Act is a "department, board, bureau, commission, authority, or other agency of the state"). Reese does not allege that Spherion is an arm of the state of Georgia or is otherwise a *public employer.* Therefore, she fails to state a claim under the Georgia Fair Employment Practices Act for unlawful discrimination. Her factual allegations also fail to support any other plausible state law claim.[2] Accordingly, Spherion is entitled to judgment on the pleadings as to Reese's state law claims.

CONCLUSION

For the reasons set forth above, the Court grants Spherion's Motion for Judgment on the Pleadings (ECF No. 6) as to all of Reese's claims against Spherion.

IT IS SO ORDERED, this 4th day of September, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[2] Reese makes no allegations that would state a claim for intentional infliction of emotional distress under Georgia law. And although Reese alleges that some of the Defendants retaliated against her for reporting safety issues, she does not allege that Spherion engaged in such conduct.