```
               IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                         COLUMBUS DIVISION
```

AYSHIA S. REESE,                  *

    Plaintiff,                 *

vs.                               *     CASE NO. 4:25-cv-228 (CDL)

SURGE STAFFING, *et al.*,         *

    Defendants.                *

O R D E R

Plaintiff Ayshia Reese, who is proceeding *pro se*, alleges that Defendant Surge Staffing, LLC discriminated against her based on her gender by terminating her employment and unlawfully retaliated against her after she reported a workplace incident. Reese also alleges that Defendant Harris Ventures, Inc. d/b/a Staff Zone unlawfully discriminated against her based on her gender. Both Surge Staffing and Staff Zone seek judgment on the pleadings, arguing that Reese's complaint fails to state a claim upon which relief may be granted and that any Georgia state law claims against Surge Staffing and Staff Zone are not legally cognizable. For the following reasons, the Court grants both Defendants' motions for judgment on the pleadings (ECF Nos. 17 & 21).

JUDGMENT ON THE PLEADINGS STANDARD

A complaint must contain specific factual allegations that, when taken as true, "raise a right to relief above the speculative

level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In evaluating a motion for judgment on the pleadings, the Court must "accept as true all material facts alleged in the non-moving party's pleading" and "view those facts in the light most favorable to the non-moving party." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1335 (11th Cir. 2014). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "If a comparison of the averments in the competing pleadings reveals a material dispute of fact, judgment on the pleadings must be denied." *Id.* But if it is clear from the pleadings that the non-moving party "would not be entitled to relief" on a claim based on that party's factual allegations, then that claim should be dismissed. *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002).

## FACTUAL ALLEGATIONS

Reese alleges the following facts in her complaint. Surge Staffing hired Reese, but after Reese "reported a workplace incident involving threats from a coworker, Surge failed to act." Compl. § 3, ECF No. 1-1. Reese was reassigned, then Surge Staffing terminated her employment without explanation. *Id.* As to Staff Zone, Reese alleges that Staff Zone "[f]orced workers to appear daily under false pretenses" and "[p]aid minimum wage for unsafe

and unregulated work, such as sweeping dust." *Id.* Reese claims that an unnamed Staff Zone manager knew the company mistreated workers and would "speak in code mentioning how they would not let me serve them." *Id.* Reese further alleges that Staff Zone "routinely chose workers based on favoritism" and denied Reese work. *Id.*

Reese summarily alleges that Surge Staffing, Staff Zone, and other Defendants discriminated against her based on her gender and retaliated against her for reporting safety or harassment concerns. *Id.* § 4. In her complaint, Reese alleged that she filed a charge of discrimination with the Equal Employment Opportunity Commission concerning Staff Zone's alleged unlawful employment practices but did not allege she filed an EEOC charge against Surge Staffing.

Reese filed this action in Muscogee County Superior Court against Surge Staffing, Staff Zone, and other defendants, asserting a violation of her rights under Georgia law and "potentially federal anti-discrimination laws." *Id.* Reese alleges that all Defendants violated her rights by discriminating against her based on gender, wrongfully terminating or denying her work, retaliating against her for reporting safety or harassment concerns, and engaging in "[u]nfair labor practices that resulted in extreme hardship" for Reese. *Id.*

DISCUSSION

Both Surge Staffing and Staff Zone seek judgment on the pleadings, arguing that Reese's complaint fails to state a claim against them upon which relief may be granted and that Georgia law does not recognize a claim for discrimination or retaliation by a private employer. Reese did not respond to either motion. The Court reviewed Reese's complaint and the pending motions and makes the following rulings.

I. **Federal Law Claims Against Surge Staffing and Staff Zone**

Reese alleges that Surge Staffing and Staff Zone discriminated against her based on her gender. The Court thus construes her claims against Surge Staffing and Staff Zone as arising under Title VII of the Civil Rights Act of 1964, which prohibits employment discrimination based on sex. 42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee for opposing an unlawful employment practice made unlawful by Title VII. 42 U.S.C. § 2000e-3(a). A Title VII complaint "must provide 'enough factual matter (taken as true) to suggest' intentional [sex] discrimination." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(quoting *Twombly*, 550 U.S. at 556).

Here, Reese alleges that at Surge Staffing, she reported a "workplace incident involving threats from a coworker" and was

4

later reassigned and terminated from her employment. Compl. § 3. Reese alleges no facts from which it can be inferred that the "workplace incident" involved sex discrimination or sexual harassment, and she alleges no facts to suggest that her reassignment and termination were because of her gender or in retaliation for complaints of sex discrimination. Accordingly, Reese did not state a plausible Title VII claim against Surge Staffing, and her Title VII claims against Surge Staffing are dismissed.[1]

Reese alleges that at Staff Zone, she worked daily at a minimum wage rate performing tasks such as sweeping dust. Staff Zone denied Reese work due to "favoritism," and an unnamed manager spoke "in code" about not letting Reese "serve them." *Id.* Reese alleges no facts to suggest that Staff Zone favored other workers because of their gender or denied Reese work because of her gender. Thus, Reese failed to state a plausible Title VII claim of sex discrimination against Staff Zone, and her Title VII claims against Staff Zone are dismissed.

---

[1] Reese also did not allege that she exhausted administrative remedies by filing an EEOC charge of discrimination against Surge Staffing. For that additional reason, she cannot proceed on Title VII claims against Surge Staffing. See *Gregory v. Ga. Dep't of Hum. Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004) (per curiam) ("Prior to filing a Title VII action, . . . a plaintiff first must file a charge of discrimination with the EEOC.").

## II.  State Law Claims Against Surge Staffing and Staff Zone

Reese also asserts state law claims against Surge Staffing and Staff Zone.  Reese alleges that Surge Staffing reassigned her and later terminated her from her employment after she reported a "workplace incident involving threats from a coworker."  Compl. § 3.  The Court construes these allegations as attempting to assert a retaliation claim under the state whistleblower statute.  Georgia's Whistleblower Act provides a remedy for retaliation by public employers but not for retaliation by private employers.  *See* O.C.G.A. § 45-1-4(a)(4) & (e) (providing a cause of action for public employees who have been retaliated against by public employers and defining a public employer as "the executive, judicial, or legislative branch of the state; any other department . . . which employs or appoints a public employee . . .; or any local or regional governmental entity that receives funds from the State of Georgia or any state agency).  Reese does not allege that Surge Staffing is a governmental entity that receives funds from the state or is otherwise a public employer.  Therefore, Reese failed to state a claim under the Georgia Whistleblower Act for unlawful retaliation.

Reese alleges that Staff Zone denied her work due to "favoritism."  Compl. § 3.  The Court construes these allegations as attempting to assert a state law employment discrimination claim against Staff Zone.  Georgia's Fair Employment Practices Act

6

provides a remedy for employment discrimination against public employers under certain circumstances but does not create a cause of action for employment discrimination by private employers. *See* O.C.G.A. § 45-19-29 (making it unlawful for an "employer" to discriminate against an employee or applicant because of her sex); O.C.G.A. § 45-19-22(6) (stating that "employer" for purposes of the Georgia Fair Employment Practices Act is a "department, board, bureau, commission, authority, or other agency of the state"). Reese does not allege that Staff Zone is an arm of the state of Georgia or is otherwise a public employer. Therefore, Reese failed to state a claim under the Georgia Fair Employment Practices Act for unlawful discrimination.

Reese's factual allegations also fail to support any other plausible state law claim against Surge Staffing and Staff Zone, such as a claim for intentional infliction of emotional distress. Accordingly, Surge Staffing and Staff Zone are entitled to judgment on the pleadings as to Reese's state law claims.

## CONCLUSION

For the reasons set forth above, the Court grants both Surge Staffing's (ECF No. 17) and Staff Zone's motions for judgment on the pleadings (ECF No. 21) as to all of Reese's claims against Surge Staffing and Staff Zone. This action is now dismissed in its entirety.

IT IS SO ORDERED, this 24th day of November, 2025.

                                              S/Clay D. Land
                                              CLAY D. LAND
                                              U.S. DISTRICT COURT JUDGE
                                              MIDDLE DISTRICT OF GEORGIA